IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRIT OF FLORIDA

Case No.:

BRENDA WALTER, Personal Representative of the Estate of Carol Althea Lewis, decedent,

    Plaintiff,

v.

AIRBNB, INC.,

    Defendants.

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Airbnb, Inc. ("Defendant") hereby gives notice of the removal of the above-captioned action from the Ninth Judicial Curcuit, In and For Orange County, to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. §§ 1332 and 1441, *et. seq.* Defendant files this Notice without waiving any defenses that may exist in their favor in state or federal court. In support of this removal, Defendant alleges as follows:

    1.    Plaintiff, Brenda Walker, as the Personal Representative of the Estate of Carol Althea Lewis ("Plaintiff"), commenced this action by filing a Complaint in the Ninth Judicial Circuit, In and For Orange County, entitled *Brenda Walker, Personal Representative of the Estate of Carol Althea Lewis v. Airbnb, Inc.* (the "Complaint") bearing Case No. 2020-CA-009134-O (A copy of the Complaint, including Summons and associated exhibits, is attached hereto as Exhibit 1).

2. This Notice of Removal of the case to the United States District Court is timely filed, as it is filed no more than thirty (30) days after Defendant was served with the Complaint on September 22, 2020, in accordance with 28 U.S.C. §§ 1441 *et. seq.* and Federal Rule of Civil Procedure 6(a)(1)(c).

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is diversity jurisdiction because all parties are diverse and the amount in controversy exceeds $75,000.

## Complete Diversity Exists Between the Parties

4. Plaintiff, Brenda Walters, as Personal Representative of the Estate of Carol Althea Lewis, is a resident of Florida. (*See* Exhibit 1, Exhibit A to Complaint.). The decedent, Carol Althea Lewis, was also a resident of Florida. (*See id.*). For purposes of diversity jurisdiction, "[c]itizenship is equivalent to 'domicile'" *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Accordingly, Plaintiff is a citizen of Florida for purposes of diversity jurisdiction.

5. Under 28 U.S.C. § 1332(c)(1), the citizenship of a corporation is "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See* 28 U.S.C. § 1332(c)(1). Airbnb is a citizen of Delaware and California, where it was incorporated and where it has its principal place of business, respectively.

6. Therefore, because Plaintiff is a citizen of Florida and Defendant is a citizen of Delaware and California, there is complete diversity of citizenship between the parties.

## The Amount in Controversy Exceeds $75,000

7. Although Plaintiff's Complaint does not specify the amount of damages sought against Defendant, based on the allegations in the Complaint, the amount Plaintiff seeks in this action exceeds $75,000.

8. The Supreme Court has held that "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). When, as here, the amount of damages is unspecified in the Complaint, the removing defendants must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The Court is "'permitted to make reasonable deductions and reasonable inferences, and need not suspend reality or shelve common sense' in determining whether the jurisdictional amount in controversy has been satisfied." *Stavrakis v. Underwriters at Lloyd's London*, No. 8:16-CV-2343-T-17JSS, 2016 WL 9211676, at *2 (M.D. Fla. Dec. 20, 2016).

9. Courts within the Eleventh Circuit have found that when a plaintiff asserts a wrongful death claim, the jurisdictional requirement is "facially apparent" from the complaint. *See, e.g., Angrignon v. KLI, Inc.*, No. 08-81218-CIV, 2009 WL 506954, at *4 (S.D. Fla. Feb. 27, 2009) (finding the amount in controversy facially apparent in wrongful death action).

10. The Complaint expressly identifies damages "in excess of THIRTY THOUSAND DOLLARS ($30,000)" but due to the claims arising from the alleged wrongful death and loss of companionship of the decedent, Carol Althea Lewis, sought on behalf of two beneficiaries, the damages pursued will easily eclipse the jurisdictional minimum. (*See* Exhibit 1 at ¶¶ 15-17).

11. This Court has original jurisdiction over this action, and this case may be properly removed to this Court pursuant to 28 U.S.C. § 1441(a), in that the captioned matter is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and all properly joined parties are citizens of different states. 28 U.S.C. § 1332(a).

## Removal is Proper

12. This action is removable pursuant to 28 U.S.C. § 1441 because it originally could have been brought in this Court.

13. The only previous state court filings served on Defendant are the Complaint, attached exhibits and summons, which, pursuant to 28 U.S.C. § 1446(a), are attached as Exhibit 1.

14. Pursuant to 28 U.S.C. § 1446(d), Defendant will provide notice to Plaintiff through delivery of a copy of this Notice and the state court Notice of Filing of Notice of Removal to Plaintiff's counsel of record, and will also provide notice to the Clerk of the Ninth Judicial Circuit Court, In and For Orange County, through the filing of this Notice and the Notice of Filing of Notice of Removal into the record of the state court action. (The Notice of Filing of Notice of Removal is attached hereto as Exhibit 2).

WHEREFORE, Defendant, Airbnb, prays that this matter be removed from the Ninth Judicial Circuit Court, In and For Orange County to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. §§ 1332 & 1441, *et. seq.,* for further proceedings and disposition.

## CERTIFICATE OF SERVICE

I HEREBY CERITFY that the foregoing has been filed this 22nd day of October, 2020, using the Court's CM/ECF filing system and served via email to: **Todd Poses, Esq.,** Poses & Poses, PA, *Attorney for the Plaintiff*, 169 E. Flagler Street, Suite 1600, Miami, Florida 33131, tposes@posesandposes.com, maria@posesandposes.com.

FIELDS HOWELL LLP
Attorneys for Defendant, Airbnb, Inc.
9155 So. Dadeland Blvd.
Suite 1012
Miami, FL 33156
Tel: (786) 870-5600
Fax: (855) 802-5821

By:/s/ *Armando P. Rubio*
   Armando P. Rubio, Esq.
   Florida Bar No. 478539
   arubio@fieldshowell.com
   service@fieldshowell.com